IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUCY McKERNON | ) | CASE NO: |
| 755 Hillside Road | ) | |
| Seven Hills, Ohio  44131 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF SEVEN HILLS | ) | COMPLAINT |
| A Municipal Corporation | ) | |
| 7325 Summit View Drive | ) | |
| Seven Hills, Ohio  44131 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Lucy McKernon, by and through attorney Gary H. Levine and hereby submits her Complaint in the within matter as follows:

INTRODUCTION

This is an action initiated by a United States citizen who resides in the City of Seven Hills, Ohio who was arrested by police officers of the City of Seven Hills, Ohio and charged with a violation of Ohio Revised Code § 1533.031 (Prevention of Hunting by Creating Noise Prohibited).  See attached Ohio Revised Code § 1533.031 marked as Exhibit "A".  Plaintiff entered a No Contest Plea in the Parma Municipal Court without a consent to a finding of guilt on January 28, 2018.  The resulting conviction was reversed by the Eighth District of Ohio Court of Appeals.  The Plaintiff had moved that the charges should be dismissed based upon the unconstitutionality of the Ohio Statute.

In her appeal to the Eighth District Court of Appeals, Plaintiff argued that the subject Statute was unconstitutional as it was vague and overbroad and violated her right to Free Speech. Although the Court of Appeals reversed the conviction, it expressly declined to address the issue raised concerning the unconstitutionality of the statute.

Thus, this claim is not barred *res judicata*.

## COUNT ONE

1.  Plaintiff is a resident of the City of Seven Hills, Ohio.

2.  Defendant City of Seven Hills is organized under the Laws of the State of Ohio as a chartered municipal corporation and is a governmental entity that has enacted various ordinances including that is identical to Ohio Revised Code § 1533.031 (Prevention of Hunting by Creating Noise).

3. On November 22, 2017 Plaintiff was arrested by Seven Hills Police Officers and charged with two (2) violations of the aforesaid statute.

4.  Plaintiff was taken into custody and required to past bond, retain counsel and appear in the Parma Municipal Court to defend against the charges.

5.  Subsequently, Plaintiff entered a No Contest Plea without an admission of guilt and was sentenced by the Court.

6.  Plaintiff through counsel appealed the conviction to the Eighth District Court of Appeals of the State of Ohio which reversed the conviction without addressing the alleged unconstitutionality of the statute.

7.  Plaintiff alleges that the Ohio statute enacted for the stated purpose of protecting hunters engaged in recreational actively in unconstitutional in that it is vague and overbroad

because it permits punishment of speech protected by the First Amendment to the United States and Ohio Constitution.

8.   Plaintiff has sustained damages as she was arrested and punished for exercising her First Amendment Right guaranteed by the Ohio Constitution.

9.   Plaintiff alleges and avers that not only she but all citizens for the State of Ohio are faced with a choice between engaging in constitutionally protected speech or facing the possibility of arrest and prosecution.

10.   Defendant City of Seven Hills, by and through its Law Director and City Counsel introduced, enacted and enforced the aforementioned statute and local ordinance through its Law Enforcement procedure and are therefore the proximate cause of the violations of Plaintiff's Constitutional Rights and the damages that she has sustained and expenses incurred.

## COUNT II

11.   Plaintiff reasserts the foregoing allegations and incorporate them by reference as if fully set forth herein.

12.   As a result of the acts and conducts of the Defendants, Plaintiff and other citizens of the State of Ohio have and will suffer injury in that the enforcement of the subject statute and ordinance will be denied their Constitutional Right to Free Speech.

13.   Plaintiff has no adequate remedy at law and, unless the subject statute is declared unconstitutional the Plaintiff and the citizens of the State of Ohio will suffer irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lucy McKernon urges this Court to grant the following relief:

A) Declare that Ohio Revised Code § 1533.031 and corresponding municipal ordinances are unconstitutional as overbroad and violate Plaintiff's and other citizens right to their First Amendment Rights to Free Speech.

B) Grant a permanent injunction enforcing the Defendant City of Seven Hills including is police department personnel from enforcing said statute and ordinance.

C) Order Defendant City of Seven Hills to pay Plaintiff appropriate compensatory and punitive damages and seek other relief as this Court may determine are appropriate.

Respectfully submitted,

/s/ Gary H. Levine

_____

GARY H. LEVINE - #0025993
4403 St. Clair Avenue
Cleveland, Ohio  44103
216-623-2110

Attorney for Defendant

## 1533.031 Prevention of hunting by creating noise prohibited.

(A) No person shall purposely prevent or attempt to prevent any person from hunting a wild animal as authorized by this chapter by creating noise or loud sounds through the use of implements when the use of the implements is intended primarily to affect the behavior of the wild animal being hunted, when the hunting is taking place on lands or waters upon which the hunting activity may lawfully occur, and when the noise or loud sounds are created on lands or waters other than the lands or waters upon which the hunting activity may lawfully occur. "Implements" does not include items being used in the due course of farming, forestry, or commercial practices.

(B) Upon petition by a person who is or reasonably may be affected by conduct that violates or will violate division (A) of this section and a showing by that person that the conduct has occurred in a particular place and may reasonably be expected to occur in or near that place again, a court of common pleas may enjoin the conduct in accordance with Civil Rule .

Effective Date: 11-21-1997.

Exhibit "A"