IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LUCY MCKERNON,** | **CASE NO. 1:20-CV-00032** |
| Plaintiff, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **CITY OF SEVEN HILLS,** | |
| Defendant. | **MEMORANDUM OF OPINION AND ORDER** |

Currently pending is the Motion for Default Judgment of Plaintiff Lucy McKernon ("McKernon"), filed on September 4, 2020. (Doc. No. 11.) On September 18, 2020, in response to McKernon's Motion for Default Judgment, Defendant City of Seven Hills (the "City") filed a Motion for Leave to Plead. (Doc. No. 14.) McKernon did not file a response to the City's Motion for Leave to Plead. For the following reasons, McKernon's Motion for Default Judgment (Doc. No. 11) is DENIED, and the City's Motion for Leave to Plead (Doc. No. 14) is GRANTED.

**I.    Background**

On January 8, 2020, McKernon filed a Complaint against the City, alleging that in November 2017, police officers of the City arrested and charged her with two violations of Ohio Revised Code § 1533.031. (Doc. No. 1 at ¶¶ 2-3.)[1] McKernon asserts that this statute and an identical ordinance enacted by the City are unconstitutional because they permit punishment of speech protected by the

---

[1] Ohio Revised Code § 1533.031(A) provides: "No person shall purposely prevent or attempt to prevent any person from hunting a wild animal as authorized by this chapter by creating noise or loud sounds through the use of implements when the use of the implements is intended primarily to affect the behavior of the wild animal being hunted, when the hunting is taking place on lands or waters upon which the hunting activity may lawfully occur, and when the noise or loud sounds are created on lands or waters other than the lands or waters upon which the hunting activity may lawfully occur."

Ohio Constitution and the First Amendment of the United States Constitution. (*Id.* at ¶¶ 2, 7, 10, 13.) McKernon seeks compensatory and punitive damages and a permanent injunction precluding the City from enforcing the allegedly unconstitutional statute and ordinance. (*Id.* at Pgs. 3-4.)

On May 18, 2020, in response to the Court's order to show cause as to why service upon the City had not been completed within ninety days, McKernon indicated that her counsel served the Summons and Complaint on the City on May 11, 2020. (Doc. Nos. 3-5.) On August 28, 2020, after the City failed to respond to the Complaint, McKernon filed an application for an entry of default, which the Clerk of Court entered the same day. (Doc. Nos. 9, 10.) On September 4, 2020, McKernon then filed a Motion for Default Judgment. (Doc. No. 11.) Shortly thereafter, on September 18, 2020, the City appeared in the case for the first time and filed a Motion for Leave to Plead, explaining why it had not previously responded to McKernon's filings and requesting ten days in which to plead. (Doc. No. 14.) McKernon did not file a response to the City's Motion for Leave to Plead.

**II.    Analysis**

Although not styled as a motion to set aside the Clerk's entry of default, the City's Motion for Leave to Plead is in effect disputing the City's liability and asking the Court to set aside the default so that the City can respond to McKernon's Complaint. (*See* Doc. No. 14.) Therefore, the Court will construe the City's Motion as a motion to set aside the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(c). *See Fondren v. Am. Home Shield Corp.*, No. 17-2519-SHM-dkv, 2017 WL 10241596, at *1 (W.D. Tenn. Oct. 25, 2017) ("Although not styled as a motion, in this filing AHS requests the court to set aside the Clerk's entry of default, and thus, the court will treat it as a motion to set aside the Clerk's entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure."); *Spencer v. Littleton*, No. 11–81–DLB, 2011 WL 7024974, at *1 (E.D. Ky. Dec. 16, 2011) ("In addition to

seeking leave to file an answer, the Court will construe Plaintiff's *pro se* motion as seeking to set aside the default judgment.").

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause." In order to determine whether a party has shown "good cause" for the purposes of setting aside an entry of default, the court considers the following factors: (1) whether the plaintiff will suffer prejudice, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *See Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). Fed. R. Civ. P. 55(c) leaves the decision to set aside the entry of default to the discretion of the trial judge. *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). However, "[t]rials on the merits are favored in federal courts because they best serve the interests of justice, so 'any doubt should be resolved in favor of the petition to set aside the judgment.'" *Unger v. Ohio Flame, LLC*, No. 1:13-cv-854, 2013 WL 12121504, at *2 (W.D. Mich. Nov. 26, 2013) (quoting *United Coin*, 705 F.2d at 846).

With respect to the first factor—whether the plaintiff will be prejudiced by the court vacating an entry of default—delay alone is not a sufficient basis for establishing prejudice. *United Coin*, 705 F.2d at 845; *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). Instead, the plaintiff must demonstrate that the delay will cause "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen*, 907 F.2d at 621. Here, there is no indication that McKernon would suffer any such prejudice if the Court sets aside the entry of default. As such, this factor supports setting aside the entry of default.

Next, in determining whether the defendant has a meritorious defense, courts do not look at the defense's likelihood of success, but rather "whether the defense is one recognized by the law, taking all facts in the light most favorable to the defendant." *Unger*, 2013 WL 12121504, at *2. "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Union Coin*, 705 F.2d at 845. In this case, the City asserts that because McKernon requests that a statute of the Ohio Revised Code be declared unconstitutional, the City is not the proper party. (Doc. No. 14 at 2.) Thus, this factor also weighs in favor of setting aside the default.

Finally, the Court must assess whether the culpable conduct of the City led to the default. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard*, 796 F.2d at 194. "[M]ere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010). In the instant matter, the City asserts that it did not become aware of any default proceedings until a copy of the entry of default was mailed to it on August 28, 2020 and that McKernon has been serving her documents on the incorrect address. (Doc. No. 14 at 1-2.) As such, the City's delay does not rise to the level of culpable conduct necessary to sustain an entry of default.

Accordingly, all three factors support setting aside the entry of default, and the Court finds that the City has shown good cause to set aside the entry of default under Fed. R. Civ. P. 55(c). Because the entry of default must be set aside, McKernon's Motion for Default Judgment is denied.

## III. Conclusion

For the reasons set forth above, McKernon's Motion for Default Judgment (Doc. No. 11) is DENIED, and the City's Motion for Leave to Plead (Doc. No. 14) is GRANTED. The August 28,

2020 entry of default is hereby set aside. The City is directed to file an answer or otherwise respond to the Complaint by October 16, 2020.

**IT IS SO ORDERED.**


Date: October 6, 2020

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE