IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LUCY McKERNAN, | CASE NO. 1:20-CV-00032-PAB |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| CITY OF SEVEN HILLS, et al., | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

Pending before the Court is Defendant State of Ohio's ("State") Motion to Dismiss. (Doc. No. 38.) Plaintiff Lucy McKernan ("McKernan") did not file an Opposition to the State's Motion. For the reasons discussed below, the State's Motion is GRANTED.

I. Background

In November 2017, City of Seven Hills police officers arrested and charged McKernan with two violations of Ohio Revised Code § 1533.031, a state statute outlawing the prevention of hunting by creating noise or loud sounds.[1] (Doc. No. 19 at ¶¶ 3-4.) In January 2018, McKernan entered a No Contest Plea in the Parma Municipal Court without a consent to a finding of guilt. (*Id.* at PageID# 65.) Her conviction was ultimately reversed in March 2019 by Ohio's Eighth District Court of Appeals, which expressly declined to address whether R.C. § 1533.031 was constitutional or not. (*Id.* at PageID# 65-66; *City of Seven Hills v. McKernan*, 124 N.E.3d 898, 900 (Ohio Ct. App. 2019)).

---

[1] Ohio Revised Code § 1533.031(A) provides: "No person shall purposely prevent or attempt to prevent any person from hunting a wild animal as authorized by this chapter by creating noise or loud sounds through the use of implements when the use of the implements is intended primarily to affect the behavior of the wild animal being hunted, when the hunting is taking place on lands or waters upon which the hunting activity may lawfully occur, and when the noise or loud sounds are created on lands or waters other than the lands or waters upon which the hunting activity may lawfully occur."

On January 8, 2020, McKernan filed an initial Complaint, naming only the City as a Defendant. (Doc. No. 1.) On September 18, 2020, in its Motion for Leave to Plead, the City noted that because McKernan was requesting a declaration that R.C. § 1533.031 was unconstitutional, the proper Defendant should have been the State. (Doc. No. 14.) On November 23, 2020, McKernan filed her operative Amended Complaint adding the State as a Defendant. (*See* Doc. No. 19.) At the heart of McKernan's Amended Complaint is her assertion that R.C. § 1533.031 is unconstitutional and that the defendants should be enjoined from enforcing the statute. (Doc. No. 19 at ¶¶ 1-13.)

On March 19, 2021, the Court dismissed the State from the case due to Plaintiff's failure to effect timely service. (Doc. No. 27.) In April 2021, the State filed a Notice of Reservation of Rights, providing that the State had received notice of McKernan's constitutional challenge but that the "Attorney General has elected not to participate at this time." (Doc. No. 31.) The State reserved its right to seek leave to appear and be heard at a later time. (*Id.* at PageID# 120.)

Subsequently, McKernan and the City consented to the jurisdiction of Magistrate Judge Baughman and the case was transferred to his docket. (Doc. No. 33.) On June 8, 2021, Magistrate Judge Baughman *sua sponte* ordered that the State be joined as a necessary party under Rule 19. (Doc. No. 35.) On June 21, 2021, the State filed the instant Motion to Dismiss, asking that this Court either dismiss it as a party under Fed. R. Civ. P. 21 or dismiss McKernan's claims against it under Fed. R. Civ. P. 12(b)(1) and (6). (Doc. No. 38 at PageID# 136.) Neither McKernan nor the City filed any opposition to the State's Motion and, thus, it is ripe for a decision.[2]

---

[2] On June 25, 2021, the State moved to vacate a prior Order referring the case to the Magistrate Judge, because the State had not consented to the Magistrate's jurisdiction. (Doc. No. 39.) Plaintiff filed no opposition to that motion and the Magistrate Judge granted the State's motion and returned the case to the District Judge's docket. (Doc. No. 41.)

**II.     Analysis**

Assuming *arguendo* that the State is a necessary party to the case, the Court finds that the Amended Complaint must nevertheless be dismissed against the State under Fed. R. Civ. P. 12(b)(1) because the State is entitled to sovereign immunity under the Eleventh Amendment and is therefore barred from suit in the instant case. Accordingly, the State of Ohio is dismissed.

"[T]he Eleventh Amendment is a true jurisdictional bar that courts can—but are not required to—raise *sua sponte* at any stage in litigation, and, once raised as a jurisdictional defect, must be decided before the merits." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Eleventh Amendment immunity extends to suits brought by citizens against their own states. *See, e.g.*, *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020). It also extends to suits against state agencies or departments, as well as to "suit[s] against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984) (citations omitted). As the United States Supreme Court has explained, a suit against a State, a state agency or its department, or a state official is in fact a suit against the State and is barred "regardless of the nature of the relief sought." *Id.* at 100-02 (citations omitted). *See also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) ("Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'") (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted)).

It is well-established, however, that there are three exceptions to Eleventh Amendment immunity: (1) congressional abrogation; (2) waiver by the State; and (3) "a suit against a state official seeking prospective injunctive relief to end a continuing violation of federal law." *See Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002) (citations omitted). *See also Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000). Under the third exception (which is referred to as the *Ex Parte Young* exception), a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law, regardless of whether compliance might have an ancillary effect on the state treasury. *See S&M Brands v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). The *Ex Parte Young* exception does not, however, extend to injunctive or declaratory relief compelling a state official to comply with *state* law. *See Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) ("In order to fall within the *Ex Parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law.") Nor does it apply to any retroactive relief. *See S&M Brand*, 527 F.3d at 507 (citing *Quern v. Jordan*, 440 U.S. 332, 338 (1979)).

The Court finds that McKernan's claims against the State of Ohio are barred by the Eleventh Amendment. McKernan has named the State of Ohio itself as a Defendant. (*See* Doc. No. 19.) McKernan is herself a citizen of the State of Ohio, bringing a suit against her own state. (*Id.* at ¶ 1.) The Eleventh Amendment applies in such situations. *See Ladd*, 971 F.3d at 578 ("Nor do federal courts have jurisdiction over suits against the States by their own citizens." (citing *Hans v. Louisiana*, 134 U.S. 1, 18-19 (1890))). Therefore, Eleventh Amendment sovereign immunity applies to bar McKernan's claims against the State unless one of the recognized exceptions applies.

As to the three exceptions identified *supra*, the Court finds that none of the Eleventh Amendment exceptions applies here. First, as to congressional abrogation, "no abrogation of the

State's sovereign immunity relevant to McKernan's claims has been identified." (Doc. No. 38 at PageID# 150.) Second, the State has not waived its sovereign immunity in this case. To the contrary, the State "has not consented to participating in this lawsuit and indeed, expressly declined to do so." (*Id.* at PageID# 141.) *See also* Doc. No. 31, Notice of Reservation of Rights and Appearance ("Having read and examined the relevant pleadings, the Attorney General has elected not to participate at this time."). Third, *Ex Parte Young* does not apply in this case because McKernan alleges that a City official, *not* a State official, enforced the allegedly unconstitutional statute.[3] (Doc. No. 19 at PageID# 65 & ¶ 3.) "Municipalities and municipal agencies 'generally do not receive Eleventh Amendment immunity.'" *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 681 (6th Cir. 2018) (citation omitted). Accordingly, McKernan's claims against the State of Ohio are barred by the Eleventh Amendment.

### III. Conclusion

Accordingly, for the reasons set forth above, Defendant State of Ohio's Motion to Dismiss (Doc. No. 38) is GRANTED. Defendant State of Ohio is dismissed.

---

[3] The State observes that "[i]f a state official had conducted the enforcement action then *Ex [P]arte Young* may have enabled McKernan to seek prospective injunctive relief against that state official. But here, a Seven Hills official enforced the statute against McKernan, not a state official." (Doc. No. 38 at PageID# 150.) Indeed, McKernan never alleges that the City acted under state authority when it charged her with a violation of R.C. § 1533.031. Moreover, this case is distinguishable from some Sixth Circuit cases where *Ex Parte Young* was held to apply. *See, e.g.*, *Russell*, 784 F.3d 1037 (Kentucky's Attorney General, Secretary of State, and Board of Elections were subject to suit under the *Ex Parte Young* exception due to their close enforcement of election laws); *Doe*, 910 F.3d 842 (Ohio Attorney General and Superintendent of Ohio Bureau of Criminal Investigation were subject to suit under *Ex Parte Young* exception because they were actively involved with administering sex-offender laws in question); *McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991 (6th Cir. 2019) (county sheriff's actions enforcing probation-violation warrants and judge-set bail amounts under Tennessee law came within *Ex Parte Young* exception). Finally, McKernan filed no opposition to this Motion or attempted to argue that *Ex Parte Young* applies to the instant matter.

The Court acknowledges that Plaintiff and the City previously consented to the jurisdiction of the Magistrate Judge. Unless the remaining parties notify the Court to the contrary by September 30, 2021, this case will be reassigned to Magistrate Judge Baughman for further proceedings.

**IT IS SO ORDERED.**

Date: September 28, 2021

          *s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE